UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARCEL, S.A. DE C.V., f/k/a RICOLINO,
S.A. DE C.V., et al,

    Plaintiffs,

v.                                                CASE NO: 8:05-cv-1519-T-23EAJ

UDAY LELE, et al,

    Defendants.
_____/

**ORDER**

The plaintiffs allege varying claims against multiple defendants (Doc. 1). Under federal law, the plaintiffs sue only Imagine Global, LLC ("Imagine") for trademark infringement, trade dress infringement, and unfair competition. Under Florida law, the plaintiffs sue (1) Aditi Lele for breach of contract and fraud in the inducement, (2) Uday Lele for breach of contract, breach of a non-compete covenant, fraud, fraud in the inducement, tortious interference, breach of fiduciary duty, and conversion, (3) Juan Carlos Marroquin for fraud, tortious interference, and breach of fiduciary duty, (4) Magalis Garcia Marroquin for fraud, tortious interference, and misappropriation, (5) Arash Kousheshain for fraud, tortious interference, breach of fiduciary duty, and misappropriation, (6) Imagine for tortious interference, and (7) White Sands, LLC ("White Sands") for conversion. The defendants move (Docs. 4, 8) to dismiss the state-law claims for lack of subject matter jurisdiction.

The plaintiffs claim (Doc. 1 at 3) that the court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338 and 1367.  Under 15 U.S.C. § 1121, the court has original jurisdiction over trademark actions.[1]  Likewise, 28 U.S.C. § 1338 grants the court original jurisdiction over any civil action that relates to patents, plant variety protection, copyrights, and trademarks, including a claim of unfair competition joined with a trademark action.[2]  Accordingly, the court has undisputed subject matter jurisdiction over the plaintiffs' claims against Imagine for trademark infringement, trade dress infringement, federal unfair competition, and related claims (Counts IX through XIII of the complaint).

No party disputes that the plaintiffs and defendants lack complete diversity of citizenship and that Counts I through VIII of the complaint raise no federal question. Instead, the plaintiffs argue, pursuant to 28 U.S.C. § 1367(a), that the court has supplemental jurisdiction over the plaintiffs' remaining state claims against those defendants for whom no independent basis of federal jurisdiction exists.  Section 1367

---

[1] 15 U.S.C. § 1121(a) provides "[t]he district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of citizenship of the parties."  15 U.S.C. § 1121(a) (2005).

[2] 28 U.S.C. provides in pertinent part:

   (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

   (b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws . . . .

28 U.S.C. § 1338(a), (b) (2005).

provides that, with certain enumerated exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This constitutional "case or controversy" standard confers supplemental jurisdiction over any state claim that arises from a "common nucleus of operative fact" with a substantial federal claim. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724-25 (1966); Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997).

Neither Congress nor the Supreme Court has clearly defined "common nucleus of operative fact." The Eleventh Circuit has concluded that claims arising from a "common nucleus of operative fact" necessarily involve "the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts." Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir. 1994). Absent a "sufficient nexus" between the federal and state claims, no supplemental jurisdiction exists. Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 456 (11th Cir. 1996). The defendants argue (Docs. 4, 8) that the plaintiffs' claims fail this requirement because the facts necessary to resolve the federal trademark claims (Counts IX through XIII) are distinct and separate from the facts necessary to resolve the state-law claims (Counts I through VIII). The court agrees.

The plaintiffs' trademark-based claims against Imagine are not so closely related to their state-law claims against the remaining defendants as to constitute the same

case or controversy.  Although some background history of the federal claims coincides with that of the state-law claims, the evidence, witnesses, and determinations necessary to resolve the federal and state claims differ substantially.

Resolution of the plaintiffs' federal claims will focus on the plaintiffs' purported trademarks and trade dress and whether the design, product packaging, and wording used by Imagine are confusingly similar to the design, product packaging, and wording used by the plaintiffs.  See, e.g., Dippin' Dots, Inc. v. Frotsy Bites Distribution, 369 F.3d 1197, 1202 (11th Cir. 2004).  In contrast, a trial of the plaintiffs' claims for breach of contract, breach of a covenant not to compete, fraud, tortious interference, breach of fiduciary duty, misappropriation, and conversion will focus on certain corporate transactions between the plaintiffs and the state-law defendants, the underlying contracts for those transactions, and the state-law defendants' attendant duties, alleged conduct, states of mind, and the like.  See, e.g., Davis v. Monahan, 832 So.2d 708 (Fla. 2002).  None of these issues informs the resolution of the plaintiffs' trademark and trade dress dispute with Imagine.

The evidence presented at a trial for the plaintiffs' federal claims against Imagine will consist of consumer surveys, retail marketing studies, candy wrappers and packaging, expert testimony on matters unique to the candy industry and trademark law, and marketing materials used by both the plaintiffs and Imagine.  In contrast, the evidence necessary to establish the plaintiffs' claims against the state-law defendants will consist of the pertinent shareholders' agreements, purchasing contracts, customer

lists, sales reports, receipts, product formulas, and correspondence between the defendants and the plaintiffs' customers and employees.[3]

Although witnesses necessary to prove the federal and state claims may overlap, the focus of their testimony invariably will differ.  The witnesses who testify as to the plaintiffs' federal claims against Imagine will be candy-industry experts knowledgeable about use of the terms "gummy" and "juicee" and candy marketers who can testify as to the likelihood of a customer's confusing Imagine's product with the plaintiffs' product.  In contrast, the witnesses supporting the plaintiffs' claims against the state-law defendants will include accounting experts, the plaintiffs' customers and employees, eyewitnesses to conversations and conduct that occurred during "due diligence," and anyone with direct knowledge of the state-law defendants' dealings with the plaintiffs' customers and employees.  In sum, neither the testimony nor the evidence will be sufficiently similar.

In response, the plaintiffs insist that the state and federal claims arise from the same "complicated plot" (Doc. 19 at 7).  Specifically, the plaintiffs argue that the state-law defendants' efforts to defraud the plaintiffs "made it possible to create Imagine, a competing company" that subsequently infringed the plaintiffs' trademark and trade dress rights (Doc. 19 at 8).  Without the fraudulent actions of the state-law defendants, the argument goes, the trademark-related violations never occur (Doc. 19 at 8).

---

[3] The exhibits attached to the complaint cast in sharper relief the distinction between the federal claims against Imagine and the plaintiffs' state-law claims against the state-law defendants. The exhibits in support of the plaintiffs' federal claims against Imagine include a copy of a trademark registration and photographs of candy and of candy wrappers (Doc. 1-4 at 50-59). To support their claims against the state-law defendants, the plaintiffs attach shareholders' agreements and other commercial contracts between the plaintiffs and the individual defendants (Docs. 1-2, 1-3). These documents, of course, form the primary basis for the plaintiffs' claims for breach of contract, fraud, tortious interference, breach of fiduciary duty, misappropriation, and conversion but have no bearing on the federal trademark-related claims against Imagine.

However, in assessing supplemental jurisdiction, pertinent precedent rejects the "but for" approach. Bradley v. N.C. Dep't of Transp., 286 F. Supp.2d 697 (W.D.N.C. 2003) ("[M]ere 'but for' causation is not a close enough relationship between state and federal claims to give a federal court supplemental jurisdiction."). See also Chaney v. City of Chicago, 901 F. Supp. 266, 270 (N.D. Ill. 1995); Benyi v. Broome County, N.Y., 887 F. Supp. 395, 401 (N.D.N.Y. 1995); Salei v. Boardwalk Regency Corp., 913 F. Supp. 993, 998-1000 (E.D. Mich. 1966).

    The facts underlying the plaintiffs' federal claims alleging trademark infringement neither prove nor even support the plaintiffs' state-law claims against the state-law defendants. Because an insufficient nexus exists between the plaintiffs' federal and state-law claims, the court lacks supplemental subject-matter jurisdiction over Counts I through VIII of the complaint. Peacock v. Thomas, 516 U.S. 349, 355-56 (1996) ("The claims in these cases have little or no factual or logical interdependence and, under these circumstances, no greater efficiencies would be created by the exercise of federal jurisdiction over them."). This conclusion underscores the fundamental precept that "federal courts are courts of limited jurisdiction." Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).

    Finally, even if the plaintiffs' federal and state-law claims form part of the same case and controversy under Article III, the court nonetheless declines to exercise supplemental jurisdiction over the plaintiffs' state-law claims. A district court may decline to exercise supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original

jurisdiction." 28 U.S.C. § 1367(c)(2).  As a practical matter, a district court enjoys the most favorable vantage from which to weigh the competing interests in 28 U.S.C. § 1367 and to assess the exercise of supplemental jurisdiction.  Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir. 1997).  The plaintiffs sue six of the seven defendants exclusively for state-law claims.  Likewise, eight of the complaint's thirteen counts allege claims under Florida law only (Doc. 1). In this context, the plaintiffs' state-law claims substantially predominate over the plaintiffs' narrow federal claims against Imagine.  28 U.S.C. § 1367(c)(2).

Accordingly, the defendants' motions (Docs. 4, 8) to dismiss the state-law claims for lack of subject matter jurisdiction are **GRANTED**.  Counts I through VIII of the plaintiffs' complaint are **DISMISSED WITHOUT PREJUDICE**.  Pursuant to 28 U.S.C. § 1367(d), the plaintiffs may file their state-law claims in state court within thirty days of this order or within the remaining time under Florida's appropriate statute of limitations, whichever is greater.  28 U.S.C. § 1367(d).  The defendants' motion (Doc. 18) to stay mandatory disclosure pending resolution of the motions to dismiss is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on December 17, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:    US Magistrate Judge
       Courtroom Deputy